1
2
3
4
5
6
7
8
9          **IN THE UNITED STATES DISTRICT COURT**
10         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11
12
13   TRACY BROWN,                          Case No. ED CV 17-1300 JLS (MRW)

14              Plaintiff,                **ORDER AFFIRMING AGENCY**
                                          **DECISION AND DISMISSING**
15         v.                             **ACTION WITH PREJUDICE**

16   NANCY BERRYHILL, Acting
     Commissioner of Social Security
17   Administration,

18              Defendant.

19

20         The Court summarily affirms the decision of the Social Security

21   Administration and dismisses the action with prejudice.  Plaintiff has not

22   advanced any colorable argument in this Court regarding her appeal of the

23   agency's action.

24                                 * * *

25         1.     This is an appeal from the denial of Social Security disability

26   benefits.  Plaintiff applied for benefits based on several back, neck, and pain-

27   related conditions.

28

2.     The agency initially denied her application.  After that, an administrative law judge conducted a hearing.  Plaintiff was represented by an attorney at the hearing and testified on her own behalf.  (Docket # 14-3 at 26.) The ALJ also received medical evidence from Plaintiff's physicians.

3.     The ALJ concluded that Plaintiff was not disabled.  According to the written decision, the ALJ determined that Plaintiff had the physical ability to perform "light work" with various limitations.  (Id. at 14.)  A vocational expert testified that Plaintiff could perform her previous work as a clerk or hairstylist. (Id. at 20.)  The agency's Appeals Council accepted the ALJ's decision.

4.     Plaintiff commenced this pro se appeal.  (Docket # 1.)  Magistrate Judge Wilner issued an order explaining the procedure by which the Court would consider a self-represented litigant's appeal of the agency decision. (Docket # 8.)  That order required Plaintiff to identify her "legal claims on appeal" to the government and file a brief with the Court "regarding the issues on appeal."  (Id.)

5.     Plaintiff failed to do so.  She initially filed a two-page statement that essentially asked the Court to award her benefits for humanitarian reasons. (Docket # 19.)  However, the bare submission identified no legal or factual basis upon which the Court could properly vacate the agency's decision regarding her disability.

6.     Judge Wilner issued an order noting this defect.  (Docket # 21.) The magistrate judge offered Plaintiff the opportunity to submit a legitimate summary judgment presentation.  The order also provided Plaintiff with information about the pro se law clinics that operate in the federal courthouses to assist unrepresented litigants.  (Id.)

7.     Plaintiff filed another short submission.  (Docket # 23.)  Plaintiff requested "reconsideration" of her claim based on her generalized claim that she

is unable to work due to her conditions.  However, she again identified no specific basis for her appeal of the agency decision.

8.     The government contends that Plaintiff's submissions are inadequate to inform it of the issues on appeal.  On that basis, the government asked the Court to affirm the agency's decision and dismiss the action.  (Docket # 25, 27.)

\* \* \*

9.     Under 42 U.S.C § 405(g), a district court may review the Social Security Administration's decision to deny benefits.  The ALJ's findings and decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record."  Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016); Lamear v. Berryhill, 865 F.3d 1201, 1204 (9th Cir. 2017).

10.    A claimant seeking appellate review of an agency determination bears the burden of identifying "specific assignments of error" with the denial of benefits.  Loewen v. Berryhill, 707 F. App'x 907, 908 (9th Cir. 2017).  A federal court "need not address arguments that were not argued with any specificity" on appeal from the agency.  Id. (citing Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (federal court "cannot manufacture arguments for appellant" and will only review issues "which are argued specifically and distinctly" on appeal).

11.    Plaintiff had several opportunities to inform the Court and the government of the specific basis for her appeal.  Despite time extensions and a referral to a local legal clinic, she has not done so.  As a result, the Court cannot determine what issues warrant appellate review.  Loewen, 707 F. App'x at 908; Carmickle, 533 F.3d at 1161.  Her general dissatisfaction with the denial of

disability benefits does not provide a legitimate basis to conclude that there was any legal or factual error in her case.  <u>Attmore</u>, 827 F.3d at 875; <u>Lamear</u>, 865 F.3d at 1204.  Judgment must be entered affirming the agency's adverse decision.[1]

* * *

Therefore, the agency's decision is AFFIRMED and the present action is DISMISSED with prejudice.

IT IS SO ORDERED.


Dated: June 5, 2018

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE


Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1]  The government also contends that dismissal is appropriate under Federal Rule of Civil Procedure 41 because of Plaintiff's failure to prosecute the action.  (Docket # 27 at 3-4.)  It is not apparent that Plaintiff failed to prosecute the case; she just hasn't prosecuted it <u>well</u>.  A Rule 41 dismissal serves as a form of sanction against a litigant whose conduct delays proceedings or prejudices an adversary.  <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010).  That's not directly at play in the current case.  As a result, the Court declines to dismiss the action on this procedural ground.